UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22 CR 217 RWS |
| JEFFERY ALEXANDER, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On April 13, 2022, officers the Florissant Police Department responded to bank robbery. Utilizing information from a third party aiding the investigation, the officers tracked the stolen money with a GPS device placed in the bag of money taken by the suspect. The GPS device led the officers to the area of Chicory Creek and Borden Drive, where they observed a bag of money and a firearm in Defendant Jeffery Alexander's vehicle. The officers noted that Alexander matched the description of the bank robbery suspect. The officers then detained Alexander and obtained a search warrant to further search his vehicle.

On April 20, 2022, Alexander was charged in a three-count indictment with robbery of a federally insured institution, 18 U.S.C. § 2113(a), possessing and brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1).

On December 19, 2023, Alexander filed a motion to suppress evidence. Alexander argues that the money and firearm seized by the police should be suppressed because the officers lacked probable cause to search his vehicle and because the search warrant was based on an insufficient affidavit.

On December 19, 2023, Alexander further filed a motion to dismiss Count III of the indictment. Alexander argues that the § 922(g)(1) charge violates his Second Amendment rights.

On March 8, 2024, a United States Magistrate Judge held an evidentiary hearing on Alexander's motion to suppress. Alexander and the United States filed post-hearing briefs after the evidentiary hearing. The Magistrate Judge held a supplemental hearing on July 18, 2024. On October 8, 2024, the Magistrate Judge filed a report and recommendation that Alexander's motion to suppress and motion to dismiss should be denied. Alexander filed an objection to the Magistrate Judge's report and recommendation on November 5, 2024. The United States filed a response to Alexander's objections on December 10, 2024.

I have performed a de novo review of Alexander's motion, including reviewing the parties' initial briefs, the hearing transcript, the post-hearing briefs, and the objection and response briefs. Alexander does not contest the Magistrate Judge's findings with respect to the seizure of his person, and while he preserves for the record his objections to the ruling on the motion to dismiss, he does not contest

that the ruling is in accord with binding precedent from the Eighth Circuit Court of Appeals.  However, he challenges the Magistrate Judge's factual findings with respect to the search of his vehicle and the subsequent search warrant, claiming that the Magistrate Judge erred in her credibility assessment of Detective Chandler.

After careful review, I agree with the Magistrate Judge's recommendation that Alexander's motions should be denied for the reasons stated in her report.  The Magistrate Judge correctly concluded that the search of the vehicle was valid, and to the extent that this conclusion is reliant upon the testimony of Detective Chandler, the Court agrees with and upholds the Magistrate Judge's credibility determinations.  I also agree with the Magistrate Judge's conclusion that the search warrant included sufficient indicia of probable cause to support its issuance.

However, I will sustain the objection with respect to the following sentence on page 3 of the Report and Recommendation: "Upon arriving at the bank, [Detective Chandler] and other police officers interviewed possible witnesses." ECF 113 at 3.  As Alexander correctly notes, Detective Chandler testified that he never actually made it to the bank because he was rerouted by the dispatcher to follow the money's GPS coordinates.  ECF 93 at 32.  However, this minor misstatement is not material to any of the conclusions reached by the Magistrate Judge, as even Alexander acknowledges that it was not the "focal point" of the analysis.  ECF 118 at 8.  This is particularly true since the search warrant, which was applied for by

3

Florissant Police Det. Jeffrey Spalding (not Detective Chandler), was in fact supplemented with witness statements collected by the police officers who were actually at the bank.

Accordingly,

**IT IS HEREBY ORDERED** that I adopt and incorporate Magistrate Judge Noelle C. Collins' Report and Recommendation dated October 8, 2024 [113], and defendant's objections to the Report and Recommendation [118] are overruled, except as to the following extent: the sentence "Upon arriving at the bank, [Detective Chandler] and other police officers interviewed possible witnesses," appearing on page 3 of the Report and Recommendation, is not adopted and incorporated. **In all other respects, defendant's objections are overruled and the Report and Recommendation is otherwise adopted and incorporated.**

**IT IS FURTHER ORDERED** that Defendant Jeffery Alexander's motion to dismiss Count III [73] and motion to suppress evidence [74] are **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATE DISTRICT JUDGE

Dated this 18th day of February 2025.

4